IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CLEMENT D. MAYNARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 08-801-SLR |
| | ) |
| GOODWILL INDUSTRIES OF | ) |
| DELAWARE AND DELAWARE | ) |
| COUNTY, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

At Wilmington this 18th day of May, 2009, having considered plaintiff Clement D.

Maynard's ("plaintiff") motion for discovery (D.I. 17);

IT IS ORDERED that the motion is **granted** in part and **denied** in part, and

defendant shall produce certain documents and information within **thirty days** from the

date of this order for the reasons discussed below:

1. Plaintiff, who proceeds pro se and has been granted leave to proceed in

forma pauperis, filed the pending motion seeking to compel defendant to provide

discovery.  (D.I. 17)  Defendant opposes the motion and objects to several discovery

requests.  (D.I. 20)

2. Plaintiff alleges that defendant discriminated against him on the basis of sex

and disability when it failed to promote him and terminated his employment as a

workforce development specialist.  (D.I. 2)  Pursuant to Fed. R. Civ. P. 26, "[p]arties

may obtain discovery regarding any nonprivileged matter that is relevant to any party's

claim or defense--including the existence, description, nature, custody, condition, and

location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter."[1]  Fed. R. Civ. P. 26(b)(1).  Plaintiff submitted nine requests for production of documents.  Defendant does not object to Requests I.A.1., I.A.5., I.A.7., and I.A.8.

3.  Request I.A.2. seeks job descriptions for all career service management staff from 2004 through 2007.  Defendant's objection is sustained in part and overruled in part.[2]  Defendant shall produce job descriptions for a workforce development specialist for the time period requested.

4.  Request I.A.3. seeks the resumes of staff who held career service management positions during the time plaintiff was employed.  Defendant's objection is sustained in part and overruled in part.[3]  Defendant shall produce resumes of individuals holding the position of workforce development specialist for the time period requested.  Defendant shall redact from the resume the name, address, and telephone numbers of the individual who held the workforce development specialist position, as well as any other personal information, such as social security numbers and names, addresses, and telephone numbers of references.

5.  Defendant's objections to Request No. I.A.4. are sustained in part and

---

[1]In the future, rather filing a motion for discovery, plaintiff shall proceed with discovery as provided for in the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 26 through 37.

[2]Defendant contends that a portion of plaintiff's claim is time-barred.  To date, no claims have been dismissed as time-barred.

[3]*Supra* at n.2.

overruled in part.[4]  Defendant shall provide salary information for individuals holding the

position of workforce development specialist for the time period requested, and indicate

if the salary is for full-time employment or for part-time employment, and if the

employee is a female or a male.  It shall not produce W-2 forms or certified salary

records.

      6.  Defendant's objection to Request I.A.6. is sustained.

      7.  Request I.A.9. seeks contact information for former staff who held career

service management positions during the time plaintiff was employed.  Defendant's

objection is sustained.  The only information required to be disclosed are the names of

former staff who held workforce development specialist positions from 2004 through

2007.

      8.  To the extent that plaintiff seeks documents from non-parties in Requests I.B.,

I.C., and I.D., he shall abide by Rules 34 and 45 of the Federal Rules of Civil

Procedure.[5]

      9.  Plaintiff apparently seeks to propound interrogatories to former employees

and current employees.  *See* 2.A. and 2.B.  The "interrogatories" do not ask any

questions but merely list "former employees" and "current employees."  Defendant

interprets the interrogatories as requests to depose former and current employees.  It

objects to Interrogatory 2.A. on the grounds that it has no power to compel the

depositions of former employees.  The objection is sustained.  Interrogatories are only

---

[4]*Supra* at n.2.

[5]Request I.E.1 refers to discovery plaintiff will produce.

served upon parties.  *See* Fed. R. Civ. P. 33.  To the extent plaintiff wishes to depose non-parties he shall follow Rules 30 and 45 of the Federal Rules of Civil Procedure. *See Pedraza v. Jones*, 71 F.3d 194, 196 n.4 (5th Cir. 1995) (plaintiff who proceeds in forma pauperis in a civil action may not issue subpoenas without paying the required fees; *Fernandez v. Kash N' Karry Food Stores, Inc.*, 136 F.R.D. 495, 496 (M.D. Fla. 1991) (witness and mileage fees required to be paid by indigent plaintiff).

10.  As to current employees, defendant objects to the deposition of employee Cathy Kipp ("Kipp") on the grounds that the testimony will not be relevant to plaintiff's allegations.  It does not object to the depositions of current employees Regina Jones and Collene Marrone.  Plaintiff responds that Kipp was his immediate supervisor who participated in harassment that led to his discharge.  Defendant's objection is overruled. Defendant shall produce for deposition the three current employees at a time and date agreed upon by the parties.  Plaintiff is placed on notice that, although he proceeds in forma pauperis, he is responsible for payment of the costs associated with the taking of depositions, including stenographic or court reporter expenses and transcript fees.  *See Badman v. Stark*, 139 F.R.D. 601, 605 (M.D. Pa.1991) (§ 1915 does not require the government to advance funds for deposition expenses).

_____
UNITED STATES DISTRICT JUDGE